Nicholas Ranallo, Attorney at Law
SBN 275016
371 Dogwood Way
Boulder Creek, CA 95006
Phone: (831) 703 -4011
Fax:    (831) 533 – 5073
nick@ranallolawoffice.com


PIANKO LAW GROUP, PLLC
MAURICE PIANKO
SDNY BAR No. MP1804
55 Broad Street, #13F
New York, New York 10004
Telephone (646) 801-9675
Facsimile (646) 381-3612
Email: mpianko@gmail.com
*Motion for Admission Pro Hac Vice Pending*

*Attorneys for Plaintiff Frank Cooper*

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK COOPER, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>LAC BASKETBALL CLUB, INC., a California Corporation, and THE STERLING FAMILY TRUST.<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. **VIOLATION OF FLSA;**<br>2. **FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD;**<br>3. **FAILURE TO PAY MINIMUM WAGE;**<br>4. **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**<br>5. **FAILURE TO PAY ALL WAGES UPON SEPARATION;**<br>6. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION ACT ("UCL"), Bus. & Prof. Code § 17200** *et seq.* |

DEMAND FOR JURY TRIAL

Plaintiff, Frank Cooper, on behalf of himself and on behalf of all those similarly situated, by his attorneys alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This is a class action brought by Plaintiff FRANK COOPER ("Plaintiff"), individually and on behalf of present and former interns of Defendant LAC BASKETBALL CLUB, INC. ("LAC" or "Los Angeles Clippers") and THE STERLING FAMILY TRUST, the sole shareholder of LAC BASKETBALL CLUB, INC. (collectively referred to hereinafter as "Defendants"), in California during the Class Period of September 28, 2012 to the present ("Class Period").

2. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover unpaid minimum wages owed to Plaintiff. Plaintiff also brings claims for violations of the California Labor Code, and California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("CA UCL"), by LAC BASKETBALL CLUB, INC., THE STERLING FAMILY TRUST, and any related entities.

3. Plaintiff's unpaid work for Defendants is part of a broader trend where employees are being misclassified as unpaid "interns" in an effort by employers to avoid paying wages as required by state laws and FLSA. These programs purport to be training programs, but provide little value to the worker while enriching the employer through the provision of free labor. The

result is that while certain employers save wage expenses, the economy as a whole suffers from fewer paid job opportunities. Moreover, the economic and moral wellbeing of our nation is compromised due to the further marginalization of workers who cannot provide free services but rather must accept low wage employment in other sectors, thus foreclosing certain employment options, and indeed entire fields, from the already vulnerable.

4.      Defendants' failure to pay interns for years runs afoul of basic wage-and-hour laws, including the FLSA and California labor laws, which require that employers pay all of their employees- even those who are inexperienced or entry-level- the minimum wage and overtime. The law provides no exemption for interns unless they are in a vocational training program[1], and the United States Department of Labor uses a six-factor test[2] to evaluate whether a worker is a trainee or an employee. A worker is a trainee only if he or she receives training similar to what would be given in a vocational school or academic educational instruction. The employer cannot derive any immediate advantage from the intern's work or require the intern to do the work of regular employees.[3] "[I]f the interns are engaged in the operations of the employer or are performing productive work (for example, filing, performing other clerical work, or assisting customers), then the fact that they may be receiving some benefits in the form of a new skill or improved work habits will not exclude them from the FLSA's minimum wage and overtime requirements because the employer benefits from the interns' work."[4]

5.      Plaintiff brings this action to obtain for himself and similarly situated employees who elect to opt-into this action pursuant to the FLSA §§ 201 *et seq.* and, specifically, the

---

[1] Wage & Hour Manual (BNA) 91:416 (1975)
[2] U.S. Dep't. of Labor, Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act, Apr. 2010, http://www.dol.gov/whd/regs/compliance/whdfs71.pdf  (last visited June 9, 2014).
[3] Id.
[4] Id.

collective action provision of 29 U.S.C. §§ 216(b), to obtain the wages they and other employees were unlawfully denied, including minimum wage, and overtime compensation, plus interest, liquidated damages, as well as attorneys' fees and costs.

6. Plaintiff also brings individual and representative wage claims under the California Labor Law for similarly situated employees as a class action pursuant to Federal Rule of Civil Procedure 23.

7. Beginning in September 2012, and upon information and belief, continuing through the present, Defendants misclassified Plaintiff and others similarly situated as an unpaid interns.

8. Beginning in September 2012, and upon information and belief, continuing through the present, Defendants have wrongfully withheld wages from Plaintiff and others similarly situated.

9. Beginning in September 2012, and upon information and belief, continuing through the present, Defendants have failed to provide compensation at the statutory minimum wage rate for all hours worked for Plaintiff and others similarly situated.

10. Beginning in September 2012, and upon information and belief, continuing through the present, Defendants have failed to issue accurate wage statements to Plaintiff and others similarly situated.

11. During his employment with LAC, Plaintiff was a covered employee within the meaning of the FLSA and California Labor Code.

12. Plaintiff brings this action to obtain for himself and for others similarly situated, the wages he was unlawfully denied.

## JURISDICTION

13. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and 1337.

14. This Court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a) because Plaintiff's State law claims are so closely related to Plaintiff's FLSA claims that they form the part of the same case or controversy.

## VENUE

15. Venue for this action in the Central District of California under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California.

## THE PARTIES

16. Plaintiff, FRANK COOPER, is an individual who is currently a resident of Houston, Texas.

17. Plaintiff was employed by Defendants from approximately from September 28, 2012 to November 17, 2012.

18. Although the Defendants misclassified Plaintiff and others similarly situated as unpaid interns, Plaintiff is a covered employee within the meaning of the FLSA.

19. Upon information and belief, Defendant LAC BASKETBALL CLUB, INC. is a business corporation organized and existing under the laws of California and headquartered in the State of California, with its principal place of business at 1111 South Figueroa Street, Los Angeles, California 90015, and is engaged in the business of professional athletic team management and promotion.

20. Upon information and belief, the principal shareholder of LAC BASKETBALL

CLUB is THE STERLING FAMILY TRUST.

21. Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

22. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## **FACTS**

23. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 22.

24. Plaintiff was employed by Defendant from September 28, 2012 to November 17, 2012.

25. Upon information and belief, beginning in or around September 28, 2012, the Defendant employed Plaintiff as a "Fan Relations Intern," to perform various tasks, such as staffing the fan booths throughout Staples Center, organizing basketball clinics with fans, organizing children's camps, supervising autograph sessions with players, as well as performing office work, such as mailing out season tickets to fans, calling fans, distributing gifts and prizes, and general office management.

26. Plaintiff was directly managed and supervised by Carly Peterson.

27. Plaintiff received various additional duties regarding his work with Defendant outside of the management of Defendant's fan-relations office.

28. While Plaintiff did not have a set work schedule, Defendants required interns to work as needed during game days, which was frequently in excess of eight hours per game day.

29. Plaintiff regularly worked between forty and fifty hours a week, from 3:00pm to

approximately 11:30pm on game days, as well as frequent volunteer hours four to five days a week, frequently lasting approximately from 8:30am to 4:00pm.

30. Plaintiff frequently performed work similar work to what was performed by paid employees, such as handling fan ticketing orders, scheduling, and marketing for the Los Angeles Clippers.

31. Defendant did not provide any compensation to Plaintiff for the hours worked.

32. Upon information and belief, while working for Defendants, the Plaintiff was regularly required to perform work for Defendants, without receiving minimum wages for all hours worked.

33. Defendants have financially benefitted from the work that Plaintiff performed.

34. Upon information and belief, Defendants would have hired additional employees or required existing staff to work additional hours had Plaintiff not performed work for Defendants.

35. Defendants did not provide academic or vocational training to Plaintiff.

36. Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiff wages in violation of the FLSA.

37. Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff.

38. Upon information and belief, while working for Defendants, the Plaintiff never received a wage statement.

39. Upon information and belief, upon separation from Defendants and to the date of filing of this complaint, Plaintiff has not received any compensation from Defendants for the hours worked.

## CALIFORNIA CLASS ACTION ALLEGATIONS

40. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 39 thereof.

41. Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth causes of action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following classes: All unpaid interns who were employed by Defendants between September 2012 to the present (the "Class Period"). Excluded from the Class are Defendants, Defendant's legal representatives, officers, directors, assigns and successors, the Court and Court personnel (including the judge presiding over this matter and their family members) and all persons who will submit appropriate requests for exclusion from the Class.

42. The members of the Class are so numerous that joinder is impracticable, with the size of the Class at 40 or more individuals.

43. Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

44. Common questions of law and fact exist with respect to the Class and predominate over any questions unique to or effecting only selective members. Those questions include but are not limited to: (a) whether Plaintiff and the Class were employees within the meaning of the California Labor Law ("CALL"); (b) whether Defendants had a policy or practice of failing to pay Plaintiff and the Class minimum wage for all hours worked in violation of the CALL;  whether Defendants had a policy or practice of failing to pay Plaintiff and the Class overtime wages; (d) whether Defendants had a policy or practice of failing to pay Plaintiff and the Class spread-of-hours pay in violation of the CALL; (e) whether Defendants provided

Plaintiff and the Class statements and notices of wages, hours worked, rate of pay and gross wages as required by the CALL; (f) the nature and extent of class-wide injury and the measure of damages for those injuries; (f) whether Defendants' policy or practice of underpaying Plaintiff and the class was instituted willfully or with reckless disregard for the law; (g) whether Defendants obtained an immediate advantage from the work of Plaintiff and the Class.

45. The claims of Plaintiff is typical of the claims of the Class because Plaintiff was subject to the same or extremely similar compensation policies and practices and has, along with the Class, sustained similar types of damages as a result of Defendants failure to comply with the CALL.

46. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel who has brought and litigated numerous class actions. There is no conflict between Plaintiff and the other members of the Class.

47. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform polices, practices, and procedures, which were in violation of the CALL. The damages to be recouped by each member of the class, statutorily, are small compared to the expense and burden of prosecuting this litigation only on an individual basis. In the absence of Class-wide adjudication, many members of the class may otherwise forego their rights as a result of the lesser amount in controversy on an individual basis, especially because prosecuting such a case may be burdensome. Class litigation is also superior because it will prevent duplicative litigation that would tax both the litigants and the courts. Such litigation would also risk inconstant judgments about Defendants' practices.

48. This action is properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 48 thereof.

50. Plaintiff brings the First cause of action on behalf of himself and the following FLSA collective: All unpaid interns who were employed by Defendants between September 28, 2012 and the date of final judgment in this matter ("the Collective").

51. Defendants are liable to the Collective under FLSA for willfully failing to pay the Collective minimum wage and overtime wages and for violating record keeping and notification requirements. Upon information and belief, the Collective consists of many similar situated individuals who have been underpaid or not paid at all by Defendants in violation of FLSA and who will benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. The Collective's members are known to Defendants, can be identified, and can be located with the use of Defendants' records. Notice should be sent to the Collective's members pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
## FLSA MINIMUM WAGE COMPENSATION

52. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 51 thereof.

53. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A)

$5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

54. LAC BASKETBALL CLUB, INC., and any related entities, are employers within the meaning contemplated under U.S.C. § 203(d).

55. Plaintiff is an employee, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

56. Plaintiff, during all relevant times, engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce.

57. None of the exemptions of 29 U.S.C. § 213 applies to Plaintiff.

58. Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiff minimum wages for hours worked in any given week.

59. Upon information and belief, the failure of Defendants to pay Plaintiff his rightfully-owed wage was willful.

60. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD**
**(Violation of Labor Code § 204)**

61. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 60 thereof.

62. California Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

63. At all times relevant during his period of employment, Defendant failed to pay Plaintiff the full amount of all owed wages when due as required by California Labor Code § 204.

64. Plaintiff is informed and believes that at all relevant times during his period of employment, Defendant maintained a policy or practice of not paying Plaintiff minimum wages for all hours worked.

65. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount, subject to proof, to the extent he was not paid all wages each pay period.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS:**
**<u>UNLAWFUL FAILURE TO PAY MINIMUM WAGES</u>**
**(Violation of Labor Code §§ 1194, 1194.2, and 1197; Wage Order 12-2001 § 4)**

66. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 65 thereof.

67. Labor Code § 1197 provides: "The minimum wage for employee fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

68. Labor Code § 1194(a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and the costs of suit."

69. Labor Code §1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in the amount equal to the wages unlawfully unpaid and interest thereon."

70. Pursuant to IWC Wage Order No. 12-2001, at all times material hereto, "hours worked" includes all the time the employee is suffered or permitted to work, whether or not required to do so."

71. Pursuant to § 4 of the IWC Wage Order No. 12-2001, Plaintiff is entitled to receive not less than $8.00 per hour for all hours worked.

72. At all times relevant during the Plaintiff's employment period, under the provisions of Wage Order No. 12-2001, Plaintiff should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

73. For all hours that Plaintiff worked, Plaintiff is entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, Plaintiff is also entitled to their attorney's fees, costs and interest according to proof.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**<u>FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS</u>**
**(Violation of Labor Code §§ 226 and 226.3)**

74. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 73 thereof.

75. California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a

detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

76. Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorney's fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

77. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants knowingly and intentionally failed to furnish Plaintiff with timely and accurate itemized statements showing the gross wages earned as required by Labor Code § 226(a), in that the payments owed to Plaintiff for unpaid minimum wages were not included in gross wages earned by Plaintiff.

78. Defendants' failure to provide Plaintiff with accurate itemized wage statements

has caused Plaintiff to incur economic damages in that Plaintiff was not aware that he was owed and not paid compensation for hours worked without pay.

79. As a result of Defendants' failure to issue accurate itemized wage statements to Plaintiff in violation of Labor Code § 226(a), Plaintiff is entitled to recover penalties pursuant to § 226(e) of the Labor Code.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:
FAILURE TO PAY ALL WAGES DUE AT SEPARATION**
(Violation of Labor Code § 203)

80. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 79 thereof.

81. California Labor Code §§ 201 and 202 requires Defendant to pay all compensation due and owing to employees at or around the time employment is terminated. Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to 30 work days.

82. At all times relevant during Plaintiff's employment period, Plaintiff was an employee of Defendants covered by Labor Code § 203.

83. Upon Plaintiff's termination from employment with Defendant and to this date Defendants have not paid the required compensation as required by Labor Code § 203.

84. Defendants willfully failed to pay Plaintiff who is no longer employed by Defendants, for his uncompensated hours upon termination or separation from employment with Defendants, as required by California Labor Code §§ 201 and 202. As a result, Defendants are

liable to Plaintiff for waiting time penalties amounting to 30 days wages for Plaintiff pursuant to California Labor Code § 203.

**SIXTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
**(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)**

85. Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 84 thereof.

86. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair or fraudulent business practices.

87. Through its action alleged herein, Defendants have engaged in unfair competition within the meaning of the UCL. Defendants' conduct under the UCL includes, but is not limited to, failure to pay Plaintiff wages and compensation earned through labor provided, and failing to otherwise compensate Plaintiff, as alleged herein. Defendants' fraudulent conduct includes, but is not limited to, intentionally misclassifying Plaintiff as an unpaid intern, failing to provide wage statements, and to pay wages earned per the California Labor Code.

88. Plaintiff has standing to assert this claim because Plaintiff has suffered injury in fact and has lost money as a result of Defendants' conduct.

89. Plaintiff seeks restitutionary disgorgement from Defendants due to Defendants' engaging in unlawful, unfair and/or fraudulent conduct alleged herein.

**WHEREFORE**, the Plaintiff, who was employed by LAC BASKETBALL CLUB, INC., THE STERLING FAMILY TRUST, and any related entities, seeks the following relief:

(1) For all unpaid minimum wages and liquidated damages due to Plaintiff;

(2)  For statutory penalties under Labor Code § 226(e);

(3)  For continuation wages under Labor Code § 203;

(4)  For restitutionary disgorgement pursuant to the UCL;

(5)  Prejudgment interest at the maximum legal rate;

(6)  Reasonable attorney's fees;

(7)  Accounting of Defendant's records for the liability period;

(8)  General, special and consequential damages, to the extent allowed by law;

(9)  Costs of suit; and

(10) Such other relief as the Court may deem just and proper.

Dated: Los Angeles, California
       June 10, 2014

Nicholas Ranallo, Attorney at Law
SBN 275016
371 Dogwood Way
Boulder Creek, CA 95006
Phone: (831) 703 -4011
Fax:   (831) 533 – 5073
nick@ranallolawoffice.com

*Attorneys for Plaintiff Frank Cooper*

DEMAND FOR JURY TRIAL

PLAINTIFF, FRANK COOPER hereby demands a jury trial.

Dated: June 10, 2014

_____
Nicholas Ranallo, Attorney at Law
SBN 275016
371 Dogwood Way
Boulder Creek, CA 95006
Phone: (831) 703-4011
Fax:    (831) 533 – 5073
nick@ranallolawoffice.com